IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD BROADCAST<br>DISTRIBUTION SYSTEMS, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>LOREX CORPORATION<br><br>    Defendant. | §<br>§<br>§<br>§  Case No:<br>§<br>§  PATENT CASE<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Complaint against Lorex Corporation ("Defendant" or "Lorex") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a virtual office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Delaware corporation, with its principal place of business at 23 Hubble, Irvine, CA 92618.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this

District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District and is a Delaware corporation.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the FLIR Cloud system, the FLIR Cloud

App, and any similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

15. The Product is a system for media content storage and delivery (e.g., videos captured from security cameras can be stored on the cloud and delivered to a smartphone or other device). The Product necessarily includes at least one server for hosting and storing media content for customers. For example, the Product necessarily includes at least one server to store recorded security videos. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

> FLIR Cloud™ allows you to view your security camera system from anywhere in the world! This app uses the exclusive FLIR Cloud™ Service, which allows you to connect to your system instantly with 3 easy steps. Simply download the app, scan the QR code on the system, and enter your password to start viewing live video from your cameras.
>
> The app allows you to:
> - View live video from multiple cameras.
> - Playback video saved to the device's local storage.
> - Record video or snapshots directly to your mobile device
> - Remotely control compatible PTZ cameras.
> - Configure motion triggered push notifications.
>
> Prerequisites:
> - Android v4.0 and higher.
> - High-speed Internet access and a router (not included) are required. Please note that an upload speed of 1Mbps is required for remote video streaming. Up to 2 devices may connect to the system at the same time.
> - Connect your system to your router using an Ethernet cable.
> - For detailed instructions, see the Quick Networking Guide included with your product.

https://play.google.com/store/apps/details?id=com.flir.consumer.flir.cloud&hl=en&utm_source=global_co&utm_medium=prtnr&utm_content=Mar2515&utm_campaign=PartBadge&pcampaignid=MKT-AC-global-none-all-co-pr-py-PartBadges-Oct1515-1



https://play.google.com/store/apps/details?id=com.flir.consumer.flir.cloud&hl=en&utm_source=global_co&utm_medium=prtnr&utm_content=Mar2515&utm_campaign=PartBadge&pcampaignid=MKT-AC-global-none-all-co-pr-py-PartBadges-Oct1515-1



16.     The server includes a first receiver configured to receive a request message including data indicating requested media content (e.g., the server must have infrastructure to receive a request to store recorded security videos in the cloud or to stream recorded video on a smartphone; additionally, the request message must contain data that identifies the video to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g. the user credentials are used to associate a smartphone and user account to particular cameras and the videos they produce).

17.     The Product necessarily includes a processor to determine whether the consumer device identifier corresponds to the registered consumer device (e.g., the server must authenticate a user's credentials to ensure that the credentials match those registered with a security camera which the user would like to access).

18.     The Product implements a first processor that determines if a consumer device identifier corresponds to the registered consumer device (e.g., the server will determine if a smartphone is registered to particular security cameras based upon a user's login credentials).

Upon confirming registration, the first server is further configured to determine whether the request message is one of a storage request message and a content request message (e.g., the Product must implement a processor that differentiates a user's request to store videos on the cloud from a user's request to stream live content from the security camera).

19. The server verifies that the media content (e.g., specific recording from a specific camera) identified in the media data of the storage request message (e.g., request to record content to the cloud) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and storage on the cloud; additionally, a user's ability to store video is limited to a certain amount of memory usage based upon their subscription. Thus, media content may not be available for storage if a user is already above their memory limit).

20. If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g. stream live camera feed to a smartphone or tablet) if the request message is a content request message (e.g. request for live streaming).

21. The media data includes time data that indicates a length of time to store the requested media content (e.g., a user is allowed to store videos for 2 days or 30 days, based upon their subscription level).

22. The server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g. the server must verify that a particular security

camera is adequately connected to the internet as to allow for video recording and streaming).

23. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., subscription level, component protocols, etc.).

24. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 2, 2018                    Respectfully submitted,

*/s/ Stamatios Stamoulis*
**STAMATIOS STAMOULIS (#4606)**
**STAMOULIS & WEINBLATT LLC**
Two Fox Point Centre
6 Denny Rd.
Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451- 0164
Fax: (214) 451- 0165
jay@kpllc.com
bkizzia@kpllc.com

**ATTORNEYS FOR PLAINTIFF**